*Newbury v. Harvard.*

*Plaintiffs nonsuit.*

## Micah Favour *versus* Jonathan B. Sargent.

To a plea of disclaimer, in a writ of entry, the demandant replied, that at the time of the purchase of the writ, the tenant claimed to have title by virtue of a deed from a collector of taxes; and upon special demurrer, because it was not alleged that the tenant ever had possession, the replication was adjudged bad, and the tenant recovered costs.

*WRIT of entry.* Plea in bar, that the tenant has nothing and at the time of the purchase of the demandant's writ had nothing, nor any time before or since had any thing in the demanded premises, or in any part thereof, nor claims any title or interest in the same, but wholly disclaims all right, title, &c. Replication, that a parish collector of taxes made a deed of the demanded premises to the tenant, in pursuance of a sale for an alleged non-payment of taxes assessed thereon, and that the tenant, before and on the day of the purchase of the writ, claimed to have title by virtue of the deed. Special demurrer, because the replication does not allege, that the tenant ever had possession of the demanded premises, and because it does not traverse or in any way deny the facts alleged in the plea.

*Minot*, in support of the demurrer, relied on *St.* 1795, *c.* 75, § 2 ; he cited also *Prescott* v. *Hutchinson*, 13 Mass. R. 439.

*Varnum* and *How*, *contrà*, said that the tenant had such a possession as was contemplated by the statute, and the demandant was obliged to bring the action, for in two years the

*Nov. 10th*

6

Favour
*v.*
Sargent.

deed would have become indefeasible ; (*St.* 1785, *c.* 70, § 7 ;) the demandant therefore must recover costs.

But the *Court* were clear that the replication was bad, and that the tenant, of course, was entitled to costs.